UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VICENTE ANDRADE, JR.<br>    Plaintiff,<br><br>vs.<br><br>KANKAKEE COUNTY<br>DETENTION CENTER,<br>    Defendants. | )<br>)<br>)<br>) Case No. 20-2209<br>)<br>)<br>)<br>) |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [5].

I. BACKGROUND

The Court dismissed both Plaintiff's original complaint and his motion to proceed *in forma pauperis* (IFP). *See* July 22, 2020 Text Order. Plaintiff's complaint alleged a violation of his constitutional rights. However, he listed only one Defendant: the Kankakee County Detention Center. Plaintiff was advised the jail was not a proper Defendant since it was a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See* July 22, 2020 Text Order, *citing Nava v. Sangamon County Jail*, 2014 WL 1320259, *2 (C.D. Ill. April 2, 2014); *Wright v. Porter County*, 2013 WL 1176199, *2 (N.D. Ill. Mar. 19, 2013). Plaintiff was given 21 days to file an amended complaint and directed to "identify by name or description each individual who was responsible for

his claims and provide a brief description of when the incident occurred and what happened." July 22, 2020 Text Order, *citing* Fed. R. Civ. P. 8.

In addition, Plaintiff has given time to refile his IFP motion since he had not completed the form. Plaintiff filed a motion for leave to amend his complaint and a renewed motion to proceed IFP. [5, 6].

The Court granted Plaintiff's IFP motion, but the order was returned to the Clerk of the Court noting Plaintiff was no longer at the address provided. Plaintiff was transferred to an Illinois Department of Corrections (IDOC) facility and he has now provided his current address.

## II. MERIT REVIEW

Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15.[5]. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Court provided Plaintiff with a blank complaint form, but he has failed to fill out the section asking him to list Defendants. Instead, Plaintiff has listed six Defendants in the caption of his complaint including the Kankakee County Detention Center, the Sheriff's Department, Chief Chad Kolitwencew, IDOC Director Rob Jeffreys, and Governor J.B. Pritzker. Plaintiff's caption also mentions newspapers in Illinois county

jails and IDOC inmates serving time in county jails. The caption is reserved for listing Defendants and Plaintiff has not clearly stated a claim.

While not entirely clear, it appears Plaintiff plead guilty to a criminal charge in June of 2020, but he was still in the Kankakee County Jail when he filed his original complaint in July of 2020. The IDOC website confirms Plaintiff was taken into custody on October 7, 2019 and admitted to IDOC on August 4, 2020.[1]

Plaintiff is unhappy with the conditions of his confinement, but it is difficult to decipher his claims. Plaintiff says he has been denied a microwave, a hot pot, a t.v., and a tablet. It is not clear if Plaintiff is alleging he was not allowed to purchase the items or if he is claiming jail staff confiscated the items. Plaintiff says he should be allowed more time outside of his cell and more gym time. Plaintiff further states he has not been allowed to attend school or any other programs for self-improvement. Plaintiff also mentions vague problems with coronavirus, but it is unclear if he intended to state a claim related to the virus.

In the body of his complaint, Plaintiff asks the Court to investigate his claims and he asks about the possibility of serving the rest of his time on house arrest. In the relief requested section of the complaint, Plaintiff says he would like to sue the Defendants for "cruel and unusual punishment" based on his incarceration. (Comp., p. 8). Plaintiff also states he should be serving his time in IDOC, not the county jail.

---

[1] See IDOC, Offender Search, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx, (last visited February 9, 2021).

There are several problems with Plaintiff's complaint.  Plaintiff appears to be claiming his constitutional rights were violated during his time at the Kankakee County Jail based on his living conditions.  Therefore, Plaintiff has filed a lawsuit in federal court pursuant to 42 U.S.C.§1983.  Plaintiff can request damages or injunctive relief.  However, the Court does not have the authority to investigate Plaintiff's claims.

In addition, Plaintiff cannot challenge his conviction in a lawsuit pursuant to §1983.  *Habeas corpus* is the sole federal remedy for an inmate who wishes to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In addition, this Court cannot convert the current complaint into a *habeas* petition. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996); *see also Newell v. Wisconsin Department of Corrections,* 2020 WL 4785457, at *2 (W.D.Wis. Aug. 18, 2020). Therefore, if Plaintiff would also like to seek his release from custody, he will have to file a separate *habeas* action.

It also appears Plaintiff is complaining about his living conditions *after* he plead guilty to a criminal offense and therefore he is alleging a violation of his Eighth Amendment rights.[2]  To establish this claim, Plaintiff must allege a denial of "the minimal civilized measure of life's necessities" such as a denial of a basic human need including food, medical care, sanitation, or physical safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman,* 452 U.S. 337,347(1981). The Court may consider the

---

[2] If Plaintiff was complaining about his conditions prior to his sentencing, his claim would be pursuant to the Fourteenth Amendment and Plaintiff should clarify this claim in an amended complaint. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (articulating different standards for conditions claims brought by pretrial detainees and prisoners).

totality of Plaintiff's living conditions and the length of time he was subjected to those conditions. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). However, "extreme deprivations are required to make out a conditions-of-confinement claim." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) *citing Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

It is doubtful any of Plaintiff's allegations rise to the level of a constitutional violation, but Plaintiff has provided little factual support for his claims. For instance, was Plaintiff allowed out of his cell each day? If so, how long was Plaintiff allowed out of his cell?

In addition, Plaintiff must be able to demonstrate the Defendants were deliberately indifferent to the alleged living conditions. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In other words, Plaintiff must show each Defendant "knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Id.*

Consequently, Plaintiff has still not identified the appropriate Defendants. First, Plaintiff must do more than simply provide a list of Defendants. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Instead, Plaintiff must identify the individuals who knew about the problems with his incarceration, but still took no action. For instance, "[a] defendant is

personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016), *quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Based on Plaintiff's claims, it is possible Plaintiff might be able to allege the Jail Administrator or the Sheriff were aware of Plaintiff's complaints. However, the IDOC Director and the Governor would not be appropriate Defendants since neither would have any reason to know about the conditions of Plaintiff's incarceration in the Kankakee County Jail.

Second, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates). Therefore, Plaintiff must explain how any named Defendant was specifically involved in his allegations or knew about his claims and failed to take action.

Finally, Plaintiff was previously advised he cannot sue the jail because it is a building and not a person. *See* July 22, 2020 Text Order.

Therefore, Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A; and as a violation of Federal Rule of Civil Procedure 8 which requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

The Court will allow Plaintiff one final opportunity to file an amended complaint. The amended complaint must stand complete on its own and must not refer to any previous document filed in this case. Plaintiff must include all intended claims and Defendants and must address the deficiencies noted in his previous complaint.

Plaintiff should list his intended Defendants in the caption of his complaint and in the list of Defendants. However, in the body of his complaint, Plaintiff must explain how each Defendant was involved in his claims.

For any specific problem with jail living conditions, Plaintiff should state what happened, when it happened, how long it lasted, and any impact it had on Plaintiff. Plaintiff should also state which Defendants knew about the problem, but still failed to take any action.

Plaintiff's claims are limited to his stay in the Kankakee County jail. Any claims related to his current stay in IDOC would need to be addressed in a separate complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [5].

2) Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

3) The Court will allow Plaintiff one additional opportunity to file an amended complaint clarifying his claims and Defendants. Plaintiff must file his second amended complaint within 21 days of this order or on or before March 9, 2021.

If Plaintiff fails to file his second amended complaint on or before March 9, 2021 or fails to follow the Court's directions, his case will be dismissed without prejudice.

4) Plaintiff is reminded he must immediately notify the Court in writing of any change in his address or telephone number. Failure to provide this information could lead to the dismissal of his lawsuit.

5) The Clerk is to provide the Plaintiff with a blank complaint form to assist him, and reset the internal merit review deadline within 30 days of this order.

ENTERED this 16th day of February, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE